Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 564 | **DATE** | 3/25/2003 |
| **CASE TITLE** | EEOC vs. Lakeside Building Management | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Plaintiff's application for an order to show cause seeking enforcement of its subpoena is granted. Accordingly, Lakeside is ordered to comply in full with the outstanding subpoena. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | MAR 26 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 8 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/25/03 date mailed notice | |
| MPJ | courtroom deputy's initials | 03 MAR 25 PM 5:18 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
 )
  Applicant, )
 )
  v. ) No. 03 C 564
 )
LAKESIDE BUILDING MAINTENANCE, )
INC., )
 )
  Respondent. )

## MEMORANDUM OPINION AND ORDER

Respondent Lakeside Building Maintenance, Inc. ("Lakeside") is a commercial contract cleaner whose 5500 employees provide cleaning and maintenance services to other businesses. Lue Bowens, an African-American Lakeside employee, worked at an office building in downtown Chicago. On November 13, 2000, Ms. Bowens filed a discrimination charge with applicant United States Equal Employment Opportunity Commission ("EEOC"), alleging that Lakeside discriminated against her on the basis of her non-Polish national origin by conducting monthly meetings in Polish.

In the course of its investigation of this charge, the EEOC learned that most of Lakeside's downtown workers were of Polish origin, and that most of its suburban workers, who receive lower pay and are faced with a long commute, are of non-Polish origin. In light of these findings, the EEOC expanded its investigation beyond the boundaries of Ms. Bowens' case in order to discover whether a

general pattern of discriminatory hiring and job assignment existed at Lakeside. In order to further that inquiry, in March 2002 the EEOC requested interviews with several Lakeside managers from various downtown and suburban work sites. On April 8, 2002, Ms. Bowens requested that the EEOC allow her to withdraw her charge. The request was denied, and the EEOC continued its investigation. On April 29, 2002, Lakeside informed the EEOC that it had independently settled with Ms. Bowens. The EEOC continued, unsuccessfully, to schedule interviews with Lakeside managers, and on August 5, 2002, it subpoenaed the testimony of seven Lakeside employees. The following week, Lakeside served the EEOC with a Petition to Revoke Subpoena, objecting to the subpoena on relevance grounds. This petition was denied by the EEOC on October 7, 2002. The EEOC has applied to this court seeking enforcement of its subpoena. I grant the application.

Lakeside's argument that the information sought is not relevant to Ms. Bowens' case is not supported by the law. "The courts uniformly uphold the relevancy of EEOC subpoenas seeking information about discrimination not specifically alleged in the charge." *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 311 n. 8 (7th Cir. 1981). As long as the EEOC is seeking material which might "cast light" on the allegations against the employer, the material is discoverable. *EEOC v. Shell Oil*, 466 U.S. 54, 69 (1984). More specifically, since discrimination on the basis of

race or national origin is by definition class discrimination, "the existence of patterns of racial discrimination in job classifications or hiring situation other than those of the complainants may well justify the inference that the practices complained of" were motivated by impermissible factors. *Blue Bell Boots, Inc. v. EEOC,* 418 F.2d 355, 358 (6th Cir. 1969), cited with approval by the Supreme Court in *Shell Oil,* 466 U.S. at 69 n. 20. Therefore, the fact that some of the managers the EEOC seeks to interview do not know Ms. Bowens does not matter; the agency may inquire whether Ms. Bowens was one of many victims of national origin discrimination.

Lakeside spends a fair portion of its brief attempting to link this case to *EEOC v. United Air Lines, Inc.,* 287 F.3d 643 (7th Cir. 2002), where the Seventh Circuit overruled a district court's order that an employer comply with an EEOC subpoena on the grounds that the subpoena was unduly burdensome and the employer had a valid affirmative defense to the underlying charge. That case is easily distinguishable from this case. *United* involved an expansive and extremely burdensome subpoena seeking complex information about the employment history of each of thousands of United employees living abroad, information which United claimed would take five full-time employees more than a year to compile. In contrast, the seven interviews the EEOC seeks here could be completed in a week. Furthermore, the *United* court found that an international treaty

probably prevented United from granting the complainant the benefits she was allegedly denied on the basis of her national origin. Lakeside has no such legal defense to Ms. Bowens' claim. While Ms. Bowens may have settled her differences with her employer, the EEOC has chosen not to close her case. It is entitled to continue investigation of the charges.

The information the EEOC seeks is relevant and not unduly burdensome to Lakeside. Lakeside is hereby ordered to comply in full with the outstanding subpoena.

**ENTER ORDER:**

*[signature]*
**Elaine E. Bucklo**
United States District Judge

Dated: March 25, 2003